UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 26-02357 RAO                                Date:   July 6, 2026
Title:      Mher Khachatryan v. United Financial Casualty Company et al.

Present:        The Honorable   **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

Cindy Delgado                                        N/A
Deputy Clerk                                  Court Reporter/Recorder

Attorneys Present for Plaintiff(s):            Attorneys Present for Defendant(s):

N/A                                              N/A

**Proceedings:**        (In Chambers) **ORDER STRIKING MOTION TO REMAND [15] AND ORDERS TO SHOW CAUSE**

On July 2, 2026, Plaintiff filed a Motion to Remand.  Dkt. No. 15.  The Motion is noticed for a hearing on July 15, 2026.  *See id.*  The Court STRIKES the Motion for failure to comply with Local Rules 6-1 and 7-3.

Although Plaintiff's Motion to Remand has been stricken, the Court has a sua sponte obligation to consider issues that go to subject matter jurisdiction.  *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).  In this removal case, Defendant, as the removing party, carries the burden of establishing jurisdiction.  *See Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773-74 (9th Cir. 2017).  In light of the issues raised in Plaintiff's Motion to Remand, the parties are ORDERED to meet and confer by **July 20, 2026**, on subject matter jurisdiction.  Plaintiff may consider stipulating to an amount in controversy below the jurisdictional requirement so that the case may be remanded to state court.  *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (agreeing that "federal courts permit individual plaintiffs, who are masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement").  To the extent the parties cannot agree, Defendant is ordered to show cause by **July 27, 2026**, as to why this case should not be remanded to state court for lack of subject matter jurisdiction.  Plaintiff may file a response by **August 3, 2026**.

The Court also issues a further Order to Show Cause directed to Plaintiff's counsel.  On May 14, 2026, the Court directed Plaintiff's counsel to confer with Defendant's counsel on a Joint Rule 26(f) Report.  Dkt. No. 12.  On May 22, 2026, Defendant indicated that defense counsel had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 26-02357 RAO                                    Date:  July 6, 2026
Title:        Mher Khachatryan v. United Financial Casualty Company et al.

not received any communication from Plaintiff's counsel.  Dkt. No. 13.  On June 1, 2026, the Court issued an Order to Show Cause ("OSC") for Plaintiff's failure to prosecute and comply with court orders.  Dkt. No. 14.  The deadline to respond to the OSC was June 15, 2026.  *Id.*  To date, Plaintiff has not complied with the Court's orders as there is no indication that Plaintiff has conferred with Defendant and Plaintiff has not filed a Joint Rule 26(f) Report.  Plaintiff has not filed any other response to the June 1, 2026 OSC.  Instead, over two weeks after the deadline to respond to the OSC, Plaintiff filed a Motion to Remand that has now been stricken for procedural deficiencies.  The Court orders Plaintiff's counsel to show cause as to why monetary sanctions should not issue for Plaintiff's repeated failures to comply with Court orders.  The Court will also take into consideration whether Plaintiff's counsel complies with the order to confer with defense counsel regarding subject matter jurisdiction.  Plaintiff's counsel shall file a written response to this order by **July 20, 2026**.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer        cd